UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**GWENDOLYN COLEMAN**
2734 Basingstoke Lane
Bryans Road, Maryland 20616

     *Plaintiff,*

*v.*

**PROGRESSIVE CASUALTY
INSURANCE COMPANY**
6300 Wilson Mills Road
Mayfield Village, Ohio 44143

Serve On: Statutory Agent
Corporation Service Company
1156 15th Street NW
Washington, D.C. 20005

     *Defendant.*

Civil Action No. _____

## COMPLAINT

    Plaintiff Gwendolyn Coleman, by and through her undersigned counsel, James M Ray, II

and Paragon Law Firm, PLLC, hereby files suit against Progressive Casualty Insurance Company

and states as follows:

## THE NATURE OF THE ACTION

    This is Plaintiff's civil action against Progressive Casualty Insurance Company for the

tortious acts of Manuel Mauricio Montalvo-Samaniego (an Ecuadorian diplomat), who was at the

time of the tortious act, a member of a mission within the meaning of section 2(3) of the Diplomatic

Relations Act. *See* 22 U.S.C. § 254 a (3). Plaintiff seeks damages and/or other legal relief,

including for liability, personal injuries, death or damage to property as sustained in the automobile

accident caused by Manuel Mauricio Montalvo-Samaniego (hereinafter "Montalvo") on January

10, 2024. This lawsuit is authorized by 28 U.S.C. § 1364 (a)-(b).

## THE PARTIES

1.      Plaintiff Gwendolyn Coleman ("Plaintiff" or "Ms. Coleman") is a Maryland citizen and a resident of Prince George's County, Maryland.

2.      Defendant Progressive Casualty Insurance Company (hereinafter "Progressive") is an insurance company headquartered in Mayfield Village, Ohio, and is engaged in the business of providing automobile insurance to customers throughout the United States, including within the District of Columbia.

## JURISDICTION & VENUE

3.      This Court has jurisdiction of this action under 28 U.S.C. § 1364 for the tortious acts of Montalvo (an Ecuadorian Diplomat), who was at the time of the tortious act, a member of a mission within the meaning of section 2(3) of the Diplomatic Relations Act. *See* 22 U.S.C. § 254 a (3).

4.      The Plaintiff's negligence causes of action are authorized to be filed in this Court by 28 U.S.C. § 1364 (a)-(b). The Plaintiff has a right to a bench trial for the negligence claims pursuant to 28 U.S.C. § 1364 (b).

5.      Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

6.      The Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions to properly file and pursue this civil action and has exhausted any and all required administrative remedies. This civil action is lawfully filed in this Court. All conditions precedent have occurred or been performed.

2

## FACTS COMMON TO ALL COUNTS

7.    This action arises from an incident that occurred on or about January 10, 2024, at approximately 11:52 p.m. on 5218 Loughboro Road, NW, Washington D.C. 20016.

8.    At all times relevant, Terry Coleman was operating a vehicle ("the Coleman Vehicle") on 5218 Loughboro Road, NW, Washington D.C. 20016, at, near, or approaching its intersection with Dalecarlia Parkway.

9.    At all times relevant, Plaintiff Gwendolyn Coleman was a passenger in the Coleman Vehicle.

10.    At all times relevant, Manuel Mauricio Montalvo-Samaniego was operating a vehicle ("the Montalvo Vehicle") on 5218 Loughboro Road, NW, Washington D.C. 20016, at, near, or approaching its intersection with Dalecarlia Parkway, directly behind the Coleman Vehicle.

11.    At all times relevant, Manuel Mauricio Montalvo-Samaniego was an Ecuadorian Diplomat, and was a member of a mission within the meaning of section 2(3) of the Diplomatic Relations Act. *See* 22 U.S.C. § 254 a (3).

12.    Montalvo was operating a Black Honda Pilot designated with Diplomatic Tag bearing Tag #DDG9047.

13.    In addition, the Montalvo Vehicle was registered to the Embassy of Ecuador.

14.    At all times relevant to this motor-vehicle collision, the Montalvo Vehicle was insured through an insurance policy with Progressive Casualty Insurance Company Policy Number 974455512.

15.    The named insured on Policy Number 974455512 is Mission of Ecuador to the Organization of America.

16.    Suddenly, without cause, justification, or warning, Manuel Mauricio Montalvo-Samaniego's vehicle struck the rear of the Coleman Vehicle.

17.    Plaintiff suffered severe mental and physical injuries as a result of this incident.

18.    All such injuries to Plaintiff were caused solely by the negligence of Defendant Copeland without any negligence on the part of Plaintiff or any other person contributing thereto.

## COUNT I – NEGLIGENCE
### (Plaintiff Gwendolyn Coleman v. Defendant Progressive Casualty Insurance Company)

19.    Plaintiff incorporate(s) each of the foregoing paragraphs 1 through 18 as if the same were set forth at length herein.

20.    Plaintiff is authorized to bring this claim against Defendant Progressive Casualty Insurance Company in accordance with 28 U.S.C. § 1364 (a)-(b).

21.    Defendant is liable for the tortious and negligent acts of Montalvo in accordance with 28 U.S.C. § 1364 (a)-(b).

22.    Montalvo owed Plaintiff and all others a duty to operate his vehicle in a manner that would not injure Plaintiff or others.

23.    Montalvo breached this duty and was negligent for the following reasons:

a.    Montalvo failed to use ordinary and reasonable care in maintaining Montalvo's vehicle under proper control;

b.    Montalvo failed to use ordinary and reasonable care in keeping a proper lookout for other vehicles and pedestrians lawfully upon the roadway;

c.    Montalvo failed to operate Montalvo's vehicle at a prudent and reasonable speed, and operated Montalvo's vehicle at an excessive and reckless rate of speed under the conditions then and there existing;

4

d. Montalvo failed to use ordinary and reasonable care in applying the brakes on Montalvo's vehicle under the conditions then and there existing;

e. Montalvo failed to use ordinary and reasonable care in steering Montalvo's vehicle under the conditions then and there existing;

f. Montalvo failed to use ordinary and reasonable care in avoiding vehicles and pedestrians with Montalvo's vehicle under the conditions then and there existing;

g. Montalvo failed to use ordinary and reasonable care in operating Montalvo's vehicle with proper regard for the safety of others;

h. Montalvo failed to use ordinary and reasonable care in warning or alerting Plaintiff and other drivers or pedestrians of the position of Montalvo's vehicle on the roadway;

i. Montalvo failed to use ordinary and reasonable care in stopping Montalvo's vehicle;

j. Montalvo failed to use ordinary and reasonable care in obeying all traffic control devices;

k. Montalvo failed to use ordinary and reasonable care in maintaining Montalvo's lane of travel;

l. Montalvo failed to use ordinary and reasonable care in changing Montalvo's lane of travel;

m. Montalvo failed to use ordinary and reasonable care in turning Montalvo's vehicle;

      n. Montalvo failed to use ordinary and reasonable care in obeying all State, local, county, city, and municipal laws, ordinances, regulations, and codes; and

      o. Montalvo otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

24.    As a direct and proximate result of Montalvo's negligence and lack of due care, Plaintiff has sustained the following damages:

      a. Severe bodily and mental injuries;

      b. Missed time from work and leisure activities;

      c. Emotional, mental, and physical pain and suffering;

      d. Past and future medical expenses; and

      e. Property damage to Plaintiff's vehicle.

25.    Plaintiff's injuries, damages, and losses were caused by the negligence and lack of due care of Montalvo with no negligence on the part of the Plaintiff contributing thereto.

26.    In accordance with 28 U.S.C. § 1364 (a)-(b), Defendant Progressive Casualty Insurance Company is directly liable for the negligence and tortious conduct of Montalvo.

WHEREFORE, Plaintiff Gwendolyn Coleman, demands judgment against Defendant Progressive Casualty Insurance Company, in a sum of FIVE-HUNDRED THOUSAND DOLLARS ($500,000.00) plus interest, costs, and all other relief deemed just and necessary under the circumstances.

Respectfully Submitted,

**PARAGON LAW FIRM, PLLC**

By: __/s/ James M. Ray_____
    James M. Ray, II (#012773)
    jr@paragonfirm.com
    8233 Old Courthouse Road, Suite 100
    Vienna, Virginia 22182
    Phone: (703) 761-7676
    Fax:   (703) 783-7575

    *Attorneys for Plaintiff*